HARRY M. HICKS v. THOMAS G. LANE, ADMINISTRATOR OF THE ESTATE OF
BRUCE SISTRUNK, DECEASED.

(Filed 18 March 1964.)

APPEAL by defendant from *Hobgood, J.,* August 12, 1963, Schedule
"A" Session of MECKLENBURG.

Plaintiff's action for damages for personal injuries and property
damage, and defendant's counterclaim for damages for the wrongful
death of his intestate, grow out of a collision that occurred Sunday,
May 7, 1961, about 12:20 a.m., on The Plaza, a street in the City of
Charlotte, North Carolina, between a 1959 Chevrolet station wagon
operated by plaintiff and a 1957 Ford operated by Bruce Sistrunk, de-
fendant's intestate.

Issues arising on the pleadings were answered as follows: "1. Was
the plaintiff injured by the negligence of the deceased, Bruce Sistrunk,
as alleged in the Complaint? ANSWER: Yes. 2. What amount of
damages, if any, is plaintiff entitled to recover of the defendant for;
A. Property Damage? ANSWER: 1500. B. Personal Injuries? AN-
SWER: 4071.40. 3. Was the death of Bruce Sistrunk caused by the
negligence of the plaintiff, as alleged in the Counterclaim? ANSWER:
No. 4. Did the plaintiff operate his automobile heedlessly and in will-
ful or wanton disregard of the safety of others, as alleged in the Coun-
terclaim? ANSWER: No. 5. What damages, if any, is the defendant
entitled to recover of the plaintiff? ANSWER: None."

The court, in accordance with the verdict, entered judgment that
plaintiff have and recover of defendant the sum of $5,571.40, that de-
fendant be taxed with the costs, and that defendant recover nothing of
plaintiff on his counterclaim.

Defendant excepted and appealed.

*Sanders & Walker and J. Howard Bunn, Jr., for plaintiff appellee.*
*Jones, Hewson & Woolard for defendant appellant.*

PER CURIAM. The two vehicles were proceeding in opposite direc-
tions. The collision occurred on the portion of The Plaza for north-
bound traffic. It is conceded that the negligence of the driver of the
southbound vehicle was the sole proximate cause of the collision and
its tragic consequences.

Plaintiff was the sole occupant of the Chevrolet station wagon. He
testified he could not remember anything from 7:00 or 7:30 p.m. on
Saturday, May 6, 1961, until he "became awake" in the hospital the
following Tuesday. Sistrunk was the sole occupant of the 1957 Ford.

Plaintiff offered evidence tending to show his Chevrolet station wagon was the northbound car. Defendant offered evidence tending to show the Ford operated by Sistrunk was the northbound car. Whether plaintiff or Sistrunk was the driver of the southbound vehicle was the crucial controverted fact. This question was resolved by the jury in plaintiff's favor.

After careful consideration of defendant's assignments of error, the conclusion reached is that none discloses prejudicial error or merits particular discussion. Hence, the verdict and judgment will not be disturbed.

No error.